UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUYESI ADENIJI,

                Plaintiff,

-against-

ONLINE TAXES, INC.,

                Defendant.

1:19-CV-9884 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Oluyesi Adeniji, of the Bronx, New York, appears *pro se* and brings this action under the Court's diversity jurisdiction. He sues Online Taxes, Inc., which he alleges is located in St. Joseph, Missouri. He seeks $15,000 in damages.

By order dated December 16, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action without prejudice to its refiling in state court.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

Plaintiff alleges the following facts: In March 2016, Plaintiff filed his tax returns using Defendant's tax-preparation software. The Internal Revenue Service ("IRS") recommended that software. The software "warehoused [Plaintiff's] unemployment income and partial earned wages to prop [his] refund." (ECF 2, at 5.) The IRS then audited him. Plaintiff now owes at total of $15,000 in taxes to the state and federal governments. These events occurred because of a "glitch" in Defendant's software. (*Id.*) Plaintiff is "asking the Court to apply Defendant['s] professional liability insurance to cover the [accrued] tax liabilities from [the] IRS and state." (*Id.*) He also asks the Court to order Defendant "to assist because of [its] negligen[ce]." (*Id.*)

2

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, if the plaintiff asserts state-law claims under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To assert state-law claims under the Court's diversity jurisdiction, a plaintiff must first allege that he and the defendant are citizens of different States. 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile."

*Id.* A corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). The plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted); *see* § 1332(a).

Plaintiff alleges that he is a citizen of New York and that Defendant – a corporation – is a citizen of Missouri because it is incorporated in that State and has its principal place of business in that State. (ECF 2, at 3.) But he fails to allege facts showing that his claims satisfy the statutory jurisdictional amount, an amount in excess of the sum or value of $75,000.

The Court can dismiss a diversity action for failing to show that the claims satisfy the statutory jurisdictional amount, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Here, Plaintiff does not allege any facts in the complaint suggesting that he is legally entitled to an amount that exceeds the sum or value of $75,000. He seeks $15,000 in damages to pay his tax debt totaling $15,000. Thus, on the face of the complaint, Plaintiff has not pleaded facts that would, if true, enable him to recover more than $75,000. *Ochoa*, 999 F.2d at 629. For this reason, this action must be dismissed.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This dismissal is, of course, without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 23, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge