UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUYESI ADENIJI,

                              Plaintiff,

                      -against-

ONLINE TAXES, INC.,

                              Defendant.

1:19-CV-9884 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order and judgment dated December 23, 2019, and entered three days later, the Court dismissed this *pro se* action. (ECF 5 & 6.) On June 30, 2020, Plaintiff filed a motion under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal. (ECF 7.) In his motion, Plaintiff states that the reason that he was unable to file a timely notice of appeal was because "of the pandemic." (*Id.* at 1.) For the reasons discussed below, however, the Court denies Plaintiff's motion.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5) of those rules, a party may file a motion for an extension of time to file a notice of appeal, but must do so within the time to file a notice of appeal or within 30 days after the period to file a notice of appeal has expired. *See* Fed. R. App. P. 4(a)(5)(A)(i). The time period to file such a motion has a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

The Court's order of dismissal and civil judgment were entered on December 26, 2019. Thus, Plaintiff had until January 27, 2020, to file a timely notice of appeal,[1] and until February 26, 2020, to file a timely motion for an extension of time under Rule 4(a)(5). But he did not file his motion until June 30, 2020. Accordingly, the Court denies the motion. *See Goode*, 252 F.3d at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 3.) The Court denies Plaintiff's motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF 7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 13, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Because the last date of that period actually fell on Saturday, January 25, 2020, the period in which Plaintiff could have filed a timely notice of appeal was extended to the next court-business day, Monday, January 27, 2020. *See* Fed. R. App. P. 26(a)(1)(C).