UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUYESI ADENIJI,

                Plaintiff,

        -against-

ONLINE TAXES, INC.,

                Defendant.

1:19-CV-9884 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

      By order and judgment dated December 23, 2019, and entered three days later, the Court dismissed this *pro se* action for lack of subject-matter jurisdiction. On June 30, 2020, Plaintiff filed a motion for an extension of time to file a notice of appeal. But on July 13, 2020, the Court denied that motion. (ECF 8.) On January 20, 2021, Plaintiff filed a "motion to reopen" this action. (ECF 9.) The Court construes Plaintiff's motion to reopen as a motion for relief from a judgment or order brought under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies that motion.

## DISCUSSION

      Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been

> reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion seeking relief under Rule 60(b)(1), (2), or (3) must be brought within one year form the date of entry of the order or judgment being challenged. Fed. R. Civ. P. 60(c)(1).

The order and judgment dismissing this action were entered on December 26, 2019. Plaintiff had one year from that date, or until December 28, 2020, to file a timely motion seeking relief under Rule 60(b)(1), (2), or (3).[1] Plaintiff did not file his motion until January 20, 2021. Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(1), (2), or (3), his motion is untimely. In addition, because Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply, to the extent that Plaintiff seeks relief under Rule 60(b)(1) through (5), the Court denies that relief.

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-

---

[1] The last day of the one-year period to bring a motion for such relief actually fell on Saturday, December 26, 2020. Because the last day of that period fell on a Saturday, the period was extended to the next court business day, Monday, December 28, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C).

202 (1950). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief.

## CONCLUSION

Plaintiff has consented to electronic service of court documents. (ECF 3.) The Court construes Plaintiff's "motion to reopen" as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF 9.) The Court denies the motion. The Court directs the Clerk of Court to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 26, 2021
New York, New York

COLLEEN McMAHON
Chief United States District Judge